LAW OFFICES OF L. BISHOP AUSTIN
L. BISHOP AUSTIN ESQ - Bar No.: 175497
3250 Wilshire Blvd, Suite 1500
Los Angeles, California 90010
Telephone: (213) 388-4939
Facsimile: (213) 388- 2411
Attorney for Debtors/Plaintiffs

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| *IN RE*: ) | Chapter 13 |
| ) | CASE NO.: 2:10-bk-22821-EC |
| Martin Osorio ) | ADVERSARY NO. 2:10-ap-02103-EC |
| Debtor(s) ) | |
| ) | **NOTICE OF REQUIRED COMPLIANCE** |
| ) | **WITH FEDERAL RULE OF** |
| Martin Osorio ) | **BANKRUPTCY PROCEDURE 7026 AND** |
| ) | **LOCAL BANKRUPTCY RULE 7026-1** |
| Plaintiff(s) ) | |
| v. ) | DATE: 09/22/2010 |
| ) | TIME: 1:00 PM |
| Bank of America Home Loans Servicing, LP , ) | PLACE: Courtroom 1639 |
| its assignees and/or successors in interests ) | Roybal Federal Bldg. |
| ) | 255 E Temple Street |
| Defendant(s) ) | 16th Floor |
| ) | Los Angeles, CA 90012 |

PLEASE TAKE NOTICE that compliance with Federal Rule of Bankruptcy Procedure 7026 and

Local Bankruptcy Rule 7026-1 is required. Copies of both rules are attached hereto along with a

document setting forth pre-status conference instructions.

Dated: June 22, 2010                          Respectfully submitted by



                                              L. Bishop Austin
                                              Attorney for Debtor(s)/ Movant(s)



ADVISORY COMMITTEE NOTES

LBR 7016-1

must be complete, including exhibits. The amended pleading must not incorporate by reference any part of the prior superseded pleading.

(3)  Unless otherwise ordered, a pleading will not be deemed amended (mere compliance with this rule and FRBP 7015).

(b)  **Service of Allowed Amended Pleading.**

(1)  Unless otherwise ordered, an amended pleading allowed by order of the court will be deemed served upon the parties who have previously appeared on the date the motion to amend is granted or the stipulation therefor is approved, provided the proposed amended pleading was lodged and served in accordance with subsection (a)(1). Otherwise, actual service and filing of the amended pleading is required as provided in LBR 2002-2 and 7004-1.

(2)  A party who has not previously appeared must be served with an amended pleading as provided in LBR 2002-2 and 7004-1.

## LBR 7016-1. STATUS CONFERENCE, PRETRIAL AND TRIAL PROCEDURE

(a)  **Status Conference.** In any adversary proceeding, the clerk will issue a summons and notice of the date and time of the status conference.

(1)  **Who Must Appear.** Each party appearing at any status conference must be represented by either the attorney (or a party, if not represented by counsel) who is responsible for trying the case or the attorney who is responsible for preparing the case for trial.

(2)  **Contents of Joint Status Report.** Unless otherwise ordered by the court, at least 14 days before the date set for each status conference the parties are required to file a joint status report discussing the following:

(A)  State of discovery, including a description of completed discovery and detailed schedule of all further discovery then contemplated;

(B)  A discovery cut-off date;

(C)  A schedule of the contemplated law and motion matters;

(D)  Prospects for settlement;

(E)  A proposed date for the pretrial conference and/or the trial;

(F)  Whether counsel have met and conferred in compliance with LBR 7026-1, and if so, the date of the conference;

(G)  Any other issues affecting the status or case agreement of the case; and

(H)  Whether the parties are interested in alternative dispute resolution.

LBR 7016-1

(3)  **Individual Status Report.** If defendant has not responded to the complaint or fails to cooperate in the preparation of a joint status report, then plaintiff must file a unilateral status report not less than 10 days before the date set for each status conference, unless otherwise ordered by the court. The unilateral status report must contain a declaration setting forth the attempts made by plaintiff to contact or obtain the cooperation of the defendant.

(4)  **Scheduling Order.** Unless otherwise ordered by the court, within 7 days after the status conference the court will issue a scheduling order, in accordance with LBR 9021-1(b)(1), a proposed scheduling order stating [some of] the following:

(A)  Deadline to join other parties and to amend the pleadings;

(B)  Deadline to complete discovery;

(C)  Deadline to file any pretrial motions and/or a joint pretrial order;

(D)  Any dates set for further status conference, a final pretrial conference, and/or the trial;

(E)  Any other appropriate matter; and

(F)  Proof of service on all appearing counsel (or parties, if not represented by counsel).

(5)  **Stipulation for Extension of Deadlines in Scheduling Order.** A stipulation for extension of the deadlines set forth in a previously entered scheduling order must contain facts establishing cause for the requested extension and be submitted to the court in accordance with LBR 9021-1(b)(1) and LBR 9071-1.

(b)  **Joint Pretrial Order.**

(1)  **When Required.**

(A)  In any adversary proceeding or contested matter, unless otherwise ordered by the court, attorneys for the parties must prepare and lodge, in accordance with LBR 9021-1(b), a written joint pretrial order approved by counsel for all parties.

(B)  Unless otherwise ordered by the court, the joint pretrial order must be lodged and served not less than 14 days before the date set for the trial or pretrial conference, if one is ordered.

(C)  The preparation and filing of the pretrial order is the responsibility of the parties' counsel (or parties, if not represented by counsel). All parties must meet and confer at least 28 days before the date set for trial or pretrial conference, if one is ordered, for the purpose of preparing the pretrial order;

LBR 7016-1

(i) Sanctions for Failure to Comply with Rule. In addition to the sanctions authorized by F.R.Civ.P. 16(f), if a status conference statement or a joint proposed pretrial order is not filed within the times set forth in subsections (a) or (e), respectively, of this rule, the court may order one or more of the following:

(1) A continuance of the trial date, if no prejudice is involved to the party who is not at fault;

(2) An award of monetary sanctions including attorneys' fees against the party at fault, payable to the party not at fault; and/or

(3) An award of non-monetary sanctions against the party at fault.

Monetary sanctions will be assessed against the party at fault and/or counsel, in the court's discretion. Non-monetary sanctions may include the entry of a judgment of dismissal or the entry of an order striking the answer and entering a default.

(j) Failure to Appear at Hearing or Prepare for Trial. The failure of a party's counsel (or the party, if not represented by counsel) to appear before the court at the status conference or pretrial conference, or to complete the necessary preparations therefor, or to appear at or to be prepared for trial may be considered an abandonment or failure to prosecute or defend diligently, and judgment may be entered against the defaulting party either with respect to a specific issue or as to the entire proceeding, or the proceeding may be dismissed.

LBR 7026-1. DISCOVERY

(a) General. Compliance with FRBP 7026 and this rule is required in all adversary proceedings.

(1) Notice. The plaintiff must serve with the summons and complaint a notice that compliance with FRBP 7026 and this rule is required.

(2) Proof of Service. The plaintiff must file a proof of service of this notice together with the proof of service of the summons and complaint.

(b) Discovery Conference and Disclosures.

(1) Conference of Parties. Unless all defendants default, the parties must conduct the meeting and exchange the information required by FRBP 7026 within the time limits set forth therein.

(2) Joint Status Report. Within 7 days after such meeting, the parties must prepare a joint status report containing the information set forth in LBR 7016-1(a)(2). The joint status report will serve as the written report of the meeting required by FRBP 7026.

(c) Failure to Make Disclosures or Cooperate in Discovery.

(1) General. Unless excused from complying with this rule by order of the court for good cause shown, a party must seek to resolve any dispute arising under FRBP 7026-7037 or FRBP 2004 in accordance with this rule.

(2) Meeting of Counsel. Prior to the filing of any motion relating to discovery, counsel for the parties must meet in person or by telephone in a good faith effort to resolve a discovery dispute. It is the responsibility of counsel for the moving party to arrange the conference. Unless altered by agreement of the parties or by order of the court for cause shown, counsel for the opposing party must meet with counsel for the moving party within 10 days of service upon counsel of a letter requesting such meeting and specifying the terms of the discovery order to be sought.

(3) Moving Papers. If counsel are unable to resolve the dispute, the party seeking discovery must file and serve a notice of motion together with a written stipulation by the parties.

(A) The stipulation must be contained in 1 document and must identify, separately and with particularity, each disputed issue that remains to be determined at the hearing and the contentions and points and authorities of each party as to each issue.

(B) The stipulation must not simply refer the court to the document containing the discovery request forming the basis of the dispute. For example, if the sufficiency of an answer to an interrogatory is in issue, the stipulation must contain, verbatim, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions, separately stated.

(C) In the absence of such stipulation or a declaration of counsel of noncooperation by the opposing party, the court will not consider the discovery motion.

(4) Cooperation of Counsel; Sanctions. The failure of any counsel either to cooperate in this procedure, to attend the meeting of counsel, or to provide the moving party the information necessary to prepare the stipulation required by this rule within 7 days of the meeting of counsel will result in the imposition of sanctions, including the sanctions authorized by FRBP 7037 and LBR 9011-3.

(5) Contempt. LBR 9020-1 governing contempt proceedings applies to a discovery motion to compel a non-party to comply with a deposition subpoena for testimony and/or documents under FRBP 7030 and 7034.